**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

| | |
|---|---|
| **LAUREN MARTINEZ**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**ASPEN DENTAL MANAGEMENT, INC.**,<br><br>Defendant. | CIVIL ACTION<br><br>Case No. 2:20-cv-545<br><br>Judge:<br><br>Mag. Judge: |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**NOW COMES** the Plaintiff, **LAUREN MARTINEZ** ("**MARTINEZ**" or "Plaintiff"), by and through undersigned counsel, and states the following for her Complaint:

**CAUSES OF ACTION**

1. This is an action brought under the Family & Medical Leave Act (FMLA) and Emergency Family & Medical Leave Act (EFMLA), for (1) interference in violation of the FMLA, (2) retaliation in violation of the FMLA, (3) interference in violation of the EFMLA, and (4) retaliation in violation of the EFMLA.

**PARTIES**

2. The Plaintiff, **LAUREN MARTINEZ** ("**MARTINEZ**") is an individual and a resident of Florida who currently resides, and at all material times resided, in Lee County, Florida.

3. Defendant, **ASPEN DENTAL MANAGEMENT, INC.** ("**ASPEN**") is a Delaware corporation, and employed **MARTINEZ** in Lee County, Florida.

1

4. At all material times, **ASPEN** employed greater than 50 employees but fewer than 500 employees.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

6. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in Lee County, and **ASPEN** conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since Lee County is within the Fort Myers Division.

## GENERAL ALLEGATIONS

7. **MARTINEZ** began her employment with **ASPEN** in October 2018 and was employed as an assistant office manager.

8. **MARTINEZ** always performed her assigned duties in a professional manner and was extremely well qualified for her position.

9. As has been well-documented, the COVID-19 pandemic escalated in the United States in March 2020.

10. On March 18, 2020, the Emergency Family and Medical Leave Expansion Act (EFMLA) was signed into law by President Trump.

11. The EFMLA dramatically expanded the existing FMLA in response to the COVID-19 crisis. EFMLA leave is leave that must be provided when parents cannot work because their children's schools or child care services are closed due to the pandemic.

12. **MARTINEZ** became pregnant in 2019 and took FMLA leave from February 3, 2020 to March 31, 2020 to deliver her baby.

13. However, due to the COVID-19 pandemic, **ASPEN** had closed its dental office where **MARTINEZ** worked, except to handle dental emergencies.

14. **ASPEN** reopened the dental office where **MARTINEZ** worked on or about April 27, 2020 and **MARTINEZ** returned to work at that time.

15. However, due to the COVID-19 pandemic, **MARTINEZ** lost her access to child care because her husband worked and schools or child care services were closed due to the pandemic. And because of that, she requested **ASPEN** allow her to work from home on May 26, 2020.

16. Additionally, **MARTINEZ**'s children became ill at that time and were tested for suspected COVID-19, which required **MARTINEZ** to be absent from work for 3 consecutive days, particularly due to Governor Ron DeSantis' Executive Order requiring quarantine of suspected COVID-19 patients.

17. At that time, **ASPEN** informed her that she could not work from home (despite other similarly situated employees working from home) and then informed her on May 29, 2020 that "we cannot continue to have you just not come in to work and retain the spot."

18. **ASPEN** then explicitly informed **MARTINEZ** that "if you cannot come in due to child care… the position is vacated. Meaning you no longer have a job here."

19. After **MARTINEZ** objected, her supervisor at **ASPEN** threatened that she should "not question my professionalism or my intention" and "remember I am your boss."

20. **MARTINEZ** sent a written complaint to **ASPEN**'s human resources department, and she was ordered to return to work, which she did on June 2, 2020.

21. However, upon returning to work, **ASPEN** promptly gave **MARTINEZ** a final written warning for poor attendance, to which **MARTINEZ** immediately objected, specifically

3

stating that **ASPEN** was engaging in retaliation. Immediately thereafter, **ASPEN** re-fired **MARTINEZ**.

22. After **ASPEN** terminated **MARTINEZ** permanently, her now former manager approached **MARTINEZ**'s husband and requested he have **MARTINEZ** delete the text messages he had sent her.

23. Consequently, **ASPEN** interfered with **MARTINEZ**'s right to FMLA leave and reinstatement, and retaliated against her when she tried to invoke her right to reinstatement, and thus **ASPEN** have violated the FMLA.

## COUNT I – VIOLATION OF THE FAMILY & MEDICAL LEAVE ACT ("FMLA")- INTERFERENCE

24. The Plaintiff hereby incorporates by reference Paragraphs 1-23 in this Count by reference as though fully set forth below.

25. **MARTINEZ** qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); 825.800 since her children suffered from a serious health condition, the FMLA defining a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider and **MARTINEZ** worked more than 1,250 hours in the preceding 12 months of employment with the **ASPEN**.

26. **MARTINEZ** informed **ASPEN** of her need for leave due to her children's serious health conditions.

27. **ASPEN** was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within five business days, absent extenuating circumstances, after it has enough information to make that determination, such as when it receives medical certification.

28. If **ASPEN** were to have decided that **MARTINEZ**'s expected absence was not FMLA-qualifying, it must have notified her of this fact in the Designation Notice under 29 CFR § 825.300(d)(1).

29. **ASPEN** has never provided **MARTINEZ** with any notice disqualifying her FMLA leave.

30. In fact, **ASPEN** determined that **MARTINEZ** was eligible for leave under the FMLA but then terminated her employment because of her request for federally protected medical leave and reinstatement.

31. **MARTINEZ** engaged in activity protected by the **FMLA** when she requested leave due to her serious health conditions and reinstatement, consistently informing the **ASPEN** of the same.

32. **ASPEN** knew, or should have known, that **MARTINEZ** was exercising her rights under the FMLA.

33. **MARTINEZ** complied with all of the notice and due diligence requirements of the FMLA.

34. **ASPEN** was obligated to provide **MARTINEZ**, an employee who requested FMLA leave, up to 12 weeks of unpaid leave and then reinstatement to her former position or an equivalent position with the same pay, benefits, and working conditions when he returns to work under 29 U.S.C. § 2614(a)(1); 29 CFR § 825.215(a).

35. **ASPEN** failed to grant leave and to return **MARTINEZ** to her former position or an equivalent position in violation of the FMLA.

36. A causal connection exists between **MARTINEZ**'s request for FMLA-protected leave and reinstatement and the termination of her employment with the **ASPEN**.

37. **ASPEN** engaged in willful retaliation in violation of the FMLA by terminating **MARTINEZ**'s employment because she engaged in activity protected by the FMLA.

38. As a result of the above-described violations of FMLA, **MARTINEZ** has been damaged by **ASPEN** in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## COUNT II – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA")- RETALIATION

39. The Plaintiff hereby incorporates by reference Paragraphs 1-23 and 25-36 in this Count by reference as though fully set forth below.

40. **MARTINEZ** engaged in activity protected by the FMLA when she requested leave due to her serious health condition, consistently informing the **ASPEN** of the same verbally and in writing, and when she demanded reinstatement.

41. **ASPEN** knew, or should have known, that **MARTINEZ** was exercising her rights under the FMLA and was aware of **MARTINEZ**'s need for FMLA-protected absence.

42. A causal connection exists between **MARTINEZ**'s request for FMLA-protected leave and her termination from employment with **ASPEN** because **MARTINEZ** engaged in statutorily protected activity by requesting, taking and demanding reinstatement from FMLA leave.

43. **ASPEN** retaliated by altering the terms and conditions of **MARTINEZ**'s employment by refusing to return her to work, thereby terminating **MARTINEZ**'s employment because she engaged in the statutorily protected activity of requesting, taking and demanding reinstatement from FMLA leave. **ASPEN** refused to return **MARTINEZ** to work because **MARTINEZ** requested and took FMLA leave and terminated her because she engaged in this statutorily protected activity.

44. **ASPEN** engaged in willful and intentional retaliation in violation of the FMLA by terminating **MARTINEZ**'s employment because she engaged in activity protected by the FMLA.

45. As a result of the above-described violations of FMLA, **MARTINEZ** has been damaged by **ASPEN** in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

<u>**COUNT III – VIOLATION OF THE EMERGENCY FAMILY & MEDICAL LEAVE ACT ("EFMLA")- INTERFERENCE**</u>

46. The Plaintiff hereby incorporates by reference Paragraphs 1-23 in this Count by reference as though fully set forth below.

47. **ASPEN** is a covered employer under the EFMLA.

48. **MARTINEZ** was an eligible employee under the EFMLA.

49. The EFMLA requires employers to provide expanded paid family and medical leave to eligible employees who are unable to work because the employee is caring for his or her son or daughter whose school or place of care is closed or whose child care provider is unavailable due to a public health emergency.

50. **MARTINEZ** was an eligible employee under the EFMLA.

51. **MARTINEZ** was employed by **ASPEN** for more than 30 calendar days, prior to her termination and **ASPEN**'s denial of EFMLA/FMLA leave.

52. **MARTINEZ** had not otherwise exhausted her ordinary available FMLA leave in the 12-months preceding her termination and **ASPEN**'s denial of EFMLA/FMLA leave.

53. For purposes of the EFMLA, employers are subject to the prohibitions that apply with respect to all FMLA leave, which are set forth at 29 U.S.C. 2615. Specifically, employers are prohibited from interfering with, restraining, or denying an employee's exercise of or attempt to exercise any right under the FMLA, including the EFMLA.

54. **MARTINEZ** engaged in protected conduct under the EFMLA, entitling her to all appropriate relief under the statute.

55. In terminating **MARTINEZ**'s employment, and failing to restore her to her position, **ASPEN** interfered with **MARTINEZ**'s rights protected under the EFMLA, entitling **MARTINEZ** to all appropriate relief under the statute.

56. **ASPEN** terminated **MARTINEZ** because of her need for EFMLA protected leave.

57. As a result of the above-described violations of FMLA, **MARTINEZ** has been damaged by **ASPEN** in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## COUNT IV – VIOLATION OF THE EMERGENCY FAMILY & MEDICAL LEAVE ACT ("EFMLA")- RETALIATION

58. The Plaintiff hereby incorporates by reference Paragraphs 1-23 in this Count by reference as though fully set forth below.

59. **ASPEN** is a covered employer under the EFMLA.

60. **MARTINEZ** was an eligible employee under the EFMLA.

61. The EFMLA requires employers to provide expanded paid family and medical leave to eligible employees who are unable to work because the employee is caring for his or her son or daughter whose school or place of care is closed or whose child care provider is unavailable due to a public health emergency.

62. **MARTINEZ** was an eligible employee under the EFMLA.

63. **MARTINEZ** was employed by **ASPEN** for more than 30 calendar days, prior to her termination and **ASPEN**'s denial of EFMLA/FMLA leave.

64. **MARTINEZ** had not otherwise exhausted her ordinary available FMLA leave in the 12-months preceding her termination and **ASPEN**'s denial of EFMLA/FMLA leave.

65. For purposes of the EFMLA, employers are subject to the prohibitions that apply with respect to all FMLA leave, which are set forth at 29 U.S.C. 2615. Specifically, employers are prohibited from interfering with, restraining, or denying an employee's exercise of or attempt to exercise any right under the FMLA, including the EFMLA.

66.     **MARTINEZ** engaged in protected conduct under the EFMLA, entitling her to all appropriate relief under the statute.

67.     In terminating **MARTINEZ**'s employment, and failing to restore her to her position, **ASPEN** retaliated against **MARTINEZ** in violation of the EFMLA.

68.     **ASPEN** terminated **MARTINEZ** because of her need for EFMLA protected leave.

69.     As a result of the above-described violations of FMLA, **MARTINEZ** has been damaged by **ASPEN** in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: July 28, 2020

/s/ **Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
YORMAK EMPLOYMENT & DISABILITY LAW
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com