UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LAUREN MARTINEZ, an individual,

    Plaintiff,

v.                                   CASE NO: 2:20-CV-00545-JES-MRM

ASPEN DENTAL MANAGEMENT, INC.,

    Defendant.

_____/

**DEFENDANT'S ANSWER AND STATEMENT OF DEFENSES
TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

    Defendant ASPEN DENTAL MANAGEMENT, INC. ("Aspen" or "Defendant"), by and through its undersigned counsel, hereby files its Answer and Statement of Defenses to Plaintiff's Complaint and Demand for Jury Trial ("Complaint") and states as follows:

**CAUSES OF ACTION**

    1.    Defendant admits Plaintiff purports to state a cause of action pursuant to the Family & Medical Leave Act (hereinafter "FMLA") and the Emergency Family & Medical Leave Act (hereinafter "EFMLA"), for (1) interference in violation of the FMLA, (2) retaliation in violation of the FMLA, (3) interference in violation of the EFMLA, and (4) retaliation in violation of the EFMLA. Defendant denies there was any violation of the FMLA or EFMLA, and further denies Plaintiff is entitled to any damages or other relief under the FMLA or EFMLA or any other law.

**PARTIES**

    2.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Complaint, and Defendant denies the allegations on this basis.

3. Defendant denies the allegations contained in paragraph 3 of the Complaint. Defendant admits R Dustin Dixon DMD Holdings, PLLC ("RDDD") independently owned and operated a dental practice that operates under the "Aspen Dental" trade name in Lee County, Florida. RDDD contracts with Aspen Dental Management, Inc. ("ADMI"), a dental support organization providing non-clinical business support services to independently owned and operated dental practices. The independently owned and operated dental practices to which ADMI provides support include RDDD, which employed Plaintiff.

4. Defendant denies the allegations contained in paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. Defendant admits this Court has jurisdiction over FMLA and EFMLA claims.

6. Defendant admits it was, and continues to be, a business operating in Lee County, Florida. The remaining allegations contained in Paragraph 6 of the Complaint set forth conclusions of law to which no answer is required. To the extent a response is required, Defendant denies these remaining allegations.

## GENERAL ALLEGATIONS

7. Defendant denies the allegations contained in paragraph 7 of the Complaint. Defendant admits RDDD employed Plaintiff as an Office Manager Assistant in October 2018.

8. Defendant denies the allegations contained in paragraph 8 of the Complaint.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of the Complaint, and Defendant denies the allegations on this basis.

10. Defendant admits on March 18, 2020, President Trump signed into the law the Emergency Family and Medical Leave Expansion Act ("EFMLA").

11. The allegations contained in paragraph 11 of the Complaint set forth conclusions of law to which no answer is required. To the extent that a response is required, Defendant denies those allegations.

12. Defendant admits Plaintiff did not work from February 3, 2020 through March 31, 2020. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 12 of the Complaint, and Defendant denies the remaining allegations on this basis.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the Complaint, and Defendant denies the allegations on this basis.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of the Complaint, and Defendant denies the allegations on this basis.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17 of the Complaint, and Defendant denies the allegations on this basis.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of the Complaint, and Defendant denies the allegations on this basis.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19 of the Complaint, and Defendant denies

the allegations on this basis.

20. Defendant admits Plaintiff sent a written complaint to Aspen Dental's human resources department on or about June 1, 2020 and returned to work at RDDD on June 2, 2020; however, Defendant denies the remaining allegations contained in paragraph 20 of the Complaint.

21. Defendant admits Plaintiff was terminated. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 21 of the Complaint, and Defendant denies the allegations on this basis.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22 of the Complaint, and Defendant denies the allegations on this basis.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

## COUNT I – VIOLATION OF THE FAMILY & MEDICAL LEAVE ACT ("FMLA") – INTERFERENCE

24. Defendant restates and incorporates by reference its answers to paragraphs 1 through 23 above as if fully set forth herein.

25. The allegations contained in paragraph 25 of the Complaint set forth conclusions of law to which no answer is required. To the extent a response is required, Defendant denies those allegations.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of the Complaint, and Defendant denies the allegations on this basis.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. The allegations contained in paragraph 28 of the Complaint set forth conclusions of law to which no answer is required. To the extent that a response is required, Defendant denies

those allegations.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29 of the Complaint, and Defendant denies the allegations on this basis.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. The allegations contained in paragraph 31 of the Complaint set forth conclusions of law to which no answer is required. To the extent that a response is required, Defendant denies those allegations.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in paragraph 37 of the Complaint.

38. Defendant admits Plaintiff seeks to recover damages for lost wages, benefits and other compensation. Defendant denies there was any violation of the FMLA, and further denies Plaintiff is entitled to any damages or relief under the FLMA or any other law.

Defendant admits Plaintiff demands a jury trial on all issues so triable in Plaintiff's Complaint. Defendant denies Plaintiff is entitled to the relief requested in the unnumbered "WHEREFORE" paragraph following paragraph 38 of Plaintiff's Complaint or to any other relief from Defendant.

## COUNT II – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA") – RETALIATION

39. Defendant restates and incorporates by reference its answers to paragraphs 1

through 23 and 25 through 36 above as if fully set forth herein.

40. The allegations contained in paragraph 40 of the Complaint set forth conclusions of law to which no answer is required. To the extent that a response is required, Defendant denies those allegations.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in paragraph 44 of the Complaint.

45. Defendant admits Plaintiff seeks to recover damages for lost wages, benefits and other compensation. Defendant denies there was any violation of the FMLA, and further denies Plaintiff is entitled to any damages or relief under the FLMA or any other law.

Defendant admits Plaintiff demands a jury trial on all issues so triable in Plaintiff's Complaint. Defendant denies Plaintiff is entitled to the relief requested in the unnumbered "WHEREFORE" paragraph following paragraph 45 of Plaintiff's Complaint or to any other relief from Defendant.

**COUNT III – VIOLATION OF THE EMERGENCY FAMILY & MEDICAL LEAVE ACT ("EFMLA") – INTERFERENCE**

46. Defendant restates and incorporates by reference its answers to paragraphs 1 through 23 as if fully set forth therein.

47. Defendant denies the allegations contained in paragraph 47 of the Complaint.

48. The allegations contained in paragraph 48 of the Complaint set forth conclusions of law to which no answer is required. To the extent that a response is required, Defendant denies those allegations.

49. The statute speaks for itself. Defendant denies any characterizations inconsistent

with the statute.

50. The allegations contained in paragraph 50 of the Complaint set forth conclusions of law to which no answer is required. To the extent that a response is required, Defendant denies those allegations.

51. Defendant denies the allegations contained in paragraph 51 of the Complaint. Defendant admits RDDD employed Plaintiff for more than 30 calendar days prior to her termination.

52. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 52 of the Complaint, and Defendant denies the allegations on this basis.

53. The statute speaks for itself. Defendant denies any characterizations inconsistent with the statute.

54. Defendant denies the allegations contained in paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in paragraph 56 of the Complaint.

57. Defendant admits Plaintiff seeks to recover damages for lost wages, benefits and other compensation. Defendant denies there was any violation of the EFMLA, and further denies Plaintiff is entitled to any damages or relief under the EFLMA or any other law.

Defendant admits Plaintiff demands a jury trial on all issues so triable in Plaintiff's Complaint. Defendant denies Plaintiff is entitled to the relief requested in the unnumbered "WHEREFORE" paragraph following paragraph 57 of Plaintiff's Complaint or to any other relief from Defendant.

## COUNT IV – VIOLATION OF THE EMERGENCY FAMILY & MEDICAL LEAVE ACT ("EFMLA) – RETALIATION

58. Defendant restates and incorporates by reference its answers to paragraphs 1 through 23 as if fully set forth therein.

59. Defendant denies the allegations contained in paragraph 59 of the Complaint.

60. The allegations contained in paragraph 60 of the Complaint set forth conclusions of law to which no answer is required. To the extent that a response is required, Defendant denies those allegations.

61. The statute speaks for itself. Defendant denies any characterizations inconsistent with the statute.

62. The allegations contained in paragraph 62 of the Complaint set forth conclusions of law to which no answer is required. To the extent that a response is required, Defendant denies those allegations.

63. Defendant denies the allegations contained in paragraph 63 of the Complaint. Defendant admits RDDD employed Plaintiff for more than 30 calendar days prior to her termination.

64. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 64 of the Complaint, and Defendant denies the allegations on this basis.

65. The statute speaks for itself. Defendant denies any characterizations inconsistent with the statute.

66. Defendant denies the allegations contained in paragraph 66 of the Complaint.

67. Defendant denies the allegations contained in paragraph 67 of the Complaint.

68. Defendant denies the allegations contained in paragraph 68 of the Complaint.

8

69.     Defendant admits Plaintiff seeks to recover damages for lost wages, benefits and other compensation. Defendant denies there was any violation of the EFMLA, and further denies Plaintiff is entitled to any damages or relief under the EFLMA or any other law.

Defendant admits Plaintiff demands a jury trial on all issues so triable in Plaintiff's Complaint. Defendant denies Plaintiff is entitled to the relief requested in the unnumbered "WHEREFORE" paragraph following paragraph 69 of Plaintiff's Complaint or to any other relief from Defendant.

## DEMAND FOR JURY TRIAL

Defendant admits Plaintiff demands a jury trial on all issues triable in Plaintiff's Complaint. Defendant denies any liability whatsoever or that Plaintiff is entitled to any relief whatsoever.

## GENERAL DENIAL

Defendant specifically denies each and every allegation of Plaintiff's Complaint not specifically admitted herein.

## STATEMENT OF DEFENSES

As separate defenses, and without conceding Defendant bears the burden of proof or persuasion as to any of them, Defendant alleges as follows:

## FIRST DEFENSE

Aspen Dental Management, Inc. ("Aspen Dental") was not Plaintiff's employer and has never been a joint employer with R Dustin Dixon DMD Holdings, PLLC.

## SECOND DEFENSE

Even if Aspen Dental where Plaintiff's employer, which it denies, it is not a covered employer, as that term is defined under the EFMLA, because Aspen Dental employed more than 500 employees at all material times.

## THIRD DEFENSE

The EFMLA does not apply.

## FOURTH DEFENSE

Plaintiff's claims fail, in whole or in part, to state a claim upon which relief can be granted.

## FIFTH DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, to the extent Plaintiff has failed to mitigate her damages. Defendant is entitled to a set-off against Plaintiff's claims for damages in the amount(s) Plaintiff did or could have earned through reasonable efforts.

## SIXTH DEFENSE

Plaintiff's claim fail because any and all actions taken by Defendant with respect to Plaintiff's employment or the terms and conditions thereof, were based upon legitimate, non-discriminatory and non-retaliatory business reasons and not because Plaintiff allegedly exercised her rights under the FMLA or the EFMLA and/or otherwise engaged in protected activity.

## SEVENTH DEFENSE

Plaintiff's claims fail because, even if any decision concerning Plaintiff's employment was based in part on her participation in alleged protected activity, which it was not, Defendant would have reached the same decision with regard to Plaintiff's employment even in the absence of such factors.

## EIGHTH DEFENSE

Plaintiff's claims are barred to the extent discovery shows Plaintiff engaged in misconduct prior to, during, or in connection with her employment, that otherwise would have resulted in her discharge if such conduct was then known to Defendant.

## NINTH DEFENSE

Defendant has made good-faith efforts to prevent discrimination and retaliation in its workplace, and thus cannot be liable for the decisions of its agents, or for liquidated damages, to the extent the challenged employment decisions were contrary to its efforts to comply with any anti-discrimination and anti-retaliation statutes.

## TENTH DEFENSE

To the extent Plaintiff seeks an award of liquidated damages, such damages are unavailable under applicable law and/or barred based on Defendant's good faith efforts to comply with the law.

## ELEVENTH DEFENSE

Plaintiff's claims should be dismissed to the extent that she failed to provide proper notice of her entitlement to protected leave, failed to provide proper medical certification, and/or was not entitled to or eligible for leave or other benefits under the FMLA or the EFMLA.

## TWELFTH DEFENSE

Plaintiff's claims are barred because Defendant did not interfere with Plaintiff seeking to exercise her rights under the FMLA or the EFMLA.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred because Plaintiff's alleged protected activities were not the "but for" cause of any adverse action.

## FOURTEENTH DEFENSE

Some or all of Plaintiff's claims may be barred by the applicable statute of limitations, after acquired evidence doctrine or the equitable doctrines of waiver, estoppel, laches and/or unclean hands.

**FIFTEENTH DEFENSE**

Plaintiff's claims of discrimination and/or retaliation damages are barred because Defendant exercised reasonable care to prevent and correct promptly any alleged discriminatory and/or retaliatory behavior, and/or Plaintiff unreasonably failed to take advantage of Defendant's preventative or corrective opportunities or to otherwise avoid harm.

**SIXTEENTH DEFENSE**

To the extent Plaintiff seeks an award of liquidated damages, any actions taken by Defendant regarding Plaintiff were taken in good faith, in accordance with Defendant's internal policies, and not taken wantonly or with malice or bad faith and/or reckless indifference to Plaintiff's protected rights. Defendant did not willfully violate any law with respect to its treatment of Plaintiff, thereby negating Plaintiff's entitlement to liquidated damages.

**SEVENTEENTH DEFENSE**

Plaintiff's claims fail because Plaintiff did not participate in protected activity.

**EIGHTEENTH DEFENSE**

Plaintiff's claims are barred to the extent that any unlawful or other wrongful acts were committed by any person(s) employed by Defendant, such acts, if any, were outside the scope of their authority, were neither authorized, ratified nor condoned by Defendant, nor did Defendant know or have reason to be aware of such conduct.

**RESERVATION**

Defendant reserves the right to move this Court to amend the foregoing defenses and/or add defenses based on information obtained during discovery.

WHEREFORE, Defendant requests

1.     Judgment be entered in favor of Defendant and against Plaintiff;

2. The Complaint be dismissed with prejudice;

3. Defendant be awarded its attorneys' fees and costs; and

4. Defendant be granted such other and further relief as this Court may deem just and proper.

Dated this 21st day of October, 2020.

                              Respectfully submitted,

                              LITTLER MENDELSON, P.C.
                              111 N. Orange Avenue, Suite 1750
                              Orlando, Florida 32801-2366
                              Telephone: (407) 393-2942
                              Facsimile: (407) 393-2929

BY:   */s/ Michele A. Ramos*
           Kimberly J. Doud
           Fla. Bar No.: 523771
           Email: kdoud@littler.com

           Michele A. Ramos
           Fla. Bar No.: 1008119
           Email: MRamos@littler.com

           *Counsel for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 21st day of October 2020, a true and correct copy of the foregoing was electronically filed and served via transmission of Notice of Electronic Filing generated by CM/ECF on all counsel or parties of record on the Service List below, and also via any additional manner noted below.

Benjamin H. Yormak, Esq.
Yormak Employment & Disability Law
9990 Coconut Road
Bonita Springs, FL 34135
Email: byormak@yormaklaw.com

                              */s/ Michele A. Ramos*
                              Michele A. Ramos